IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY WYRICK,<br><br>    Petitioner,<br><br>vs.<br><br>D. K. SISTO, Warden,<br><br>    Respondent. | No. C 07-1790 JSW (PR)<br><br>**ORDER DISMISSING PETITION FOR A WRIT OF HABEAS CORPUS** |

       This is a petition for a writ of habeas corpus brought *pro se* by Petitioner pursuant to 28 U.S.C. § 2254. Petitioner's earlier habeas petition, filed in 2003 under Case No. C:03-cv-5623 JSW (PR), was denied on the merits by this Court on March 9, 2007. Before the decision on the merits, Petitioner filed a motion to stay the petition for the purpose of exhausting these additional claims in state court. This Court denied Petitioner's motion, finding that he had failed to meet the showing required under *Rhines v. Webber*, 125 S. Ct. 1528, 1535 (2005) for such a stay. Petitioner now files a separate habeas petition raising the same claims.

       The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") was signed into law on April 24, 1996. Under AEDPA, a district court must dismiss claims presented in a second or successive habeas petition challenging the same conviction and sentence raised in a previous petition. *See* 28 U.S.C. § 2244(b)(1); *Babbitt v. Woodford*, 177 F.3d 744, 745-46 (9th Cir. 1999). Additionally, a district court must dismiss any new claims raised in a successive petition unless the petitioner received an order from

the court of appeals authorizing the district court to consider the petition. 28 U.S.C. § 2244(b)(3)(A).

Here, the instant petition challenges the same conviction and sentence as the previous petition filed in this Court in 2003. Petitioner has not presented an order from the court of appeals authorizing the Court to consider these claims. Accordingly, the Court must dismiss the instant petition in its entirety. Petitioner is free to seek such an order from the United States Court of Appeals for the Ninth Circuit. *See*, 28 U.S.C. § 2244(b)(3)(A).

## CONCLUSION

For the forgoing reasons, the petition for writ of habeas corpus is DISMISSED as a second and successive petition. The Clerk shall close the file and enter judgment in this matter.

IT IS SO ORDERED.

DATED: April 17, 2007

JEFFREY S. WHITE
United States District Judge

2